# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| DARRELL FLORENCE, DERRICK FOSHEE, and CHRISTIAN KITCHENS | § § § | |
| Plaintiffs, | § § § | |
| | § | CIVIL ACTION NO.  2:19-cv-129 |
| vs. | § § | |
| LEGACY MEASUREMENT SOLUTIONS, INC., a Texas Corporation; LEGACY MEASUREMENT HOLDINGS, LLC, a Foreign Limited Liability Company, WDE JWM AGGREGATE, LLC, a Foreign Limited Liability Company, EDELMAN & GUILL ENERGY L.P., II, a Foreign Limited Partnership, and WHITE DEER ENERGY, L.P. II a Foreign Limited Partnership, | § § § § § § § § § § § § § § | **JURY DEMANDED** |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

DARRELL FLORENCE, DERRICK FOSHEE and CHRISTIAN KITCHENS (collectively "Plaintiffs") complain of LEGACY MEASUREMENT SOLUTIONS, INC. LEGACY MEASUREMENT HOLDINGS, LLC, WDE JWM AGGREGATE, LLC, EDELMAN & GUILL ENERGY, L.P. II, and WHITE DEER ENERGY, L.P. II (collectively "Defendants") and would respectfully show the Court as follows:

## I.   NATURE OF THE CASE

1.   This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 et seq., (the "WARN

Act") for Defendants' failure to give the required WARN Act written notice to Plaintiffs and similarly situated individuals (the "Class Members") in connection with recent Mass Layoff and/or Plant Closing at Defendants East Texas site of employment and Brookfield Township, Ohio site of employment.

2.    Accordingly, Defendants are liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.    THE PARTIES, JURISDICTION AND VENUE

### A.    Plaintiff Darrell Florence

3.    Florence is a natural person who resides in Smith County, Texas. He has standing to file this lawsuit.

### B.    Plaintiff Derrick Foshee

4.    Foshee is a natural person who resides in Smith County, Texas. He has standing to file this lawsuit.

### C.    Plaintiff Christian Kitchens

5.    Kitchens is a natural person who resides in Trumbull County, Ohio. He has standing to file this lawsuit.

### D.    Class Members

6.    There are two distinct classes/sub-classes in this lawsuit – the Texas Class Members who are/were employees of Defendants at Defendants' single site of employment in East Texas and the Ohio Class Members who are/were employees of Defendants at

Defendants' Brookfield, Ohio single site of employment. Collectively, the Texas Class Members and the Ohio Class Members are referred to as the "Class Members."

### 1.    Texas Class Members

7.    The Texas Class Members are affected employees who are similarly situated to Florence and Foshee, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendants' Mass Layoff at Defendant's single site of employment in East Texas.

8.    Alternatively, the Texas Class Members are affected employees who are similarly situated to Florence and Foshee, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendants' Plant Closing at Defendants' single site of employment/operational unit(s) at that single site of employment in East Texas.

### 2.    Ohio Class Members

9.    The Ohio Class Members are affected employees who are similarly situated to Kitchens, and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendants' Mass Layoff at Defendants' single site of employment in Brookfield, Ohio.

10.    Alternatively, the Ohio Class Members are affected employees who are similarly situated to Kitchens and who were or may reasonably be expected to experience an employment loss due to termination of employment as a consequence of Defendants' Plant Closing at Defendants' single site of employment/operational unit(s) at that single site of employment in Brookfield, Ohio.

**E.    Defendant Legacy Measurement Solutions, Inc.**

11.    On information and belief, Defendant Legacy Measurement Solutions, Inc. is a corporation incorporated under the laws of the State of Texas. On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 10077 Grogans Mill Road Suite 200, Spring, Texas 77380. On information and belief, Defendant operated locations in Brookfield, Ohio, Tulsa, Oklahoma, Muncy, Pennsylvania, Canonsburg, Pennsylvania, Midland, Texas, Spring, Texas, Addison, Texas, Victoria, Texas and Evansville, Wyoming.

12.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Defendant may be served with process by serving its registered agent for service of process, Walker Clarke, 600 Travis Street, Suite 2800, Houston, Texas 77002, under Fed. R. Civ. P. 4(e)(2)(c).

**F.    Defendant Legacy Measurement Holdings, LLC**

13.    On information and belief, Defendant Legacy Measurement Holdings, LLC is a Foreign limited liability company founded under the laws of the State of Delaware and is the parent company of Legacy Measurement Solutions, Inc. On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 700 Louisiana Street, Suite 4770, Houston, Texas 77002. The sole member of Defendant is WDE JWM Aggregate LLC, which is based in Texas at 700 Louisiana Street, Suite 4770, Houston, Texas, 77002.

14.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Defendant may be served with process by serving its registered agent for

service of process, Capitol Services, Inc. 1675 S. State St. Ste B, Dover, Delaware or Walker Clarke, 600 Travis Street, Suite 2800, Houston, Texas 77002, under Fed. R. Civ. P. 4(e)(2)(c).

### G.    Defendant WDE JWM Aggregate, LLC

15.    On information and belief, Defendant WDE JWM Aggregate, LLC is a Foreign limited liability company organized under the laws of the State of Delaware and is the sole member Legacy Measurement Holdings, LLC, the parent company of Legacy Measurement Solutions, Inc. On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 700 Louisiana Street, Suite 4770, Houston, Texas 77002. The sole director of WDE JWM Aggregate LLC is Ben A. Guill.

16.    During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Defendant may be served with process by serving its registered agent for service of process, Walker Clarke, 600 Travis Street, Suite 2800, Houston, Texas 77002, under Fed. R. Civ. P. 4(e)(2)(c).

### H.    Defendant Edelman & Guill Energy L.P., II,

17.    On information and belief, Defendant Edelman & Guill Energy, L.P. II is a Foreign limited partnership.  On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 700 Louisiana Street, Suite 4770, Houston, Texas 77002. Defendant is the general partner of White Deer Energy L.P. II.

18.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Defendant may be served with process by serving Thomas Edelman, director of Edelman & Guill Energy Ltd, the general partner of Edelman & Guill Energy L.P., II, at 770 Park Avenue, New York New York, under Fed. R. Civ. P. 4(h)(1)(B).

**I.      Defendant White Deer Energy L.P. II**

19.     On information and belief, Defendant is a Foreign limited partnership incorporated in the Cayman Islands.  On information and belief, during the time period relevant to this lawsuit, Defendant's principal place of business is and has been at 700 Louisiana Street, Suite 4770, Houston, Texas 77002. Defendant is a private equity fund that controls Legacy Measurement Solutions, Inc. and Legacy Measurement Holdings, LLC.

20.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Defendant may be served with process by serving Thomas Edelman, director of Edelman & Guill Energy Ltd, the general partner of Edelman & Guill Energy L.P., II, who is the general partner of White Deer Energy L.P. II at 770 Park Avenue, New York New York, under Fed. R. Civ. P. 4(h)(1)(B).

**J.      Jurisdiction and Venue**

21.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

22.     During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

23.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely 29 U.S.C. §§ 2101-2109.

24.    Venue is proper in the United States District Court for the Eastern District of Texas because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendants transacted business in this District and Defendants continue to transact business in this District. 29 U.S.C. § 2104(a)(5). Defendants have a district office located at 8521 F.M. 850, Tyler, Texas 75705.

### III.    FACTUAL BACKGROUND

25.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

26.    On information and belief, and at all material times, Defendants have been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12-month period preceding the first Mass Layoff and/or Plant Closing made the basis of this lawsuit. Defendants operate as a single business enterprise. Legacy Measurement Solutions, Inc. is a Texas corporation based in Spring, Texas and/or The Woodlands, Texas at 10077 Grogans Mill Rd., Ste 200, The Woodlands, Texas 77380. Legacy Measurement Holdings, LLC is the parent company of Legacy Measurement Solutions, Inc. and its principal place of business is and has been at 700 Louisiana Street, Suite 4770, Houston, Texas 77002. The sole member of Legacy Measurement Holdings, LLC is WDE JWM Aggregate LLC, which is also based in Texas

at the same address at 700 Louisiana Street, Suite 4770, Houston, Texas, 77002. The sole director of WDE JWM Aggregate LLC is Ben A. Guill who lives and works in Houston, Texas. Mr. Guill is also the managing partner of White Deer Energy. White Deer Energy L.P. II is fund that secures control of all of its portfolio companies under its business enterprise including Legacy Measurement Solutions. White Deer's principal place of business is and has been at  the same Houston address: 700 Louisiana Street, Suite 4770, Houston, Texas 77002. Edelman & Guill Energy L.P., II, is the general partner of White Deer Energy L.P. II and its director, Thomas Edelman, and is located at 770 Park Avenue, New York, New York. Mr. Edelman is also the managing partner of White Deer Energy. All of the business decisions giving rise to Plaintiffs' complaint originated from Defendants' locations in Houston, Texas, Spring/The Woodlands, Texas or New York. For instance, the termination letter dated March 27, 2019 from Greg Thomas of Legacy Measurement Solutions to Derrick Foshee originated from 10077 Grogans Mill Rd., Ste 200, The Woodlands, Texas 77380. Joseph Compofelice, the Operating Partner of White Deer Energy is carbon copied on the April 5, 2019 correspondence to Derrick Foshee. Mr. Compofelice lives in Spring, Texas and is listed as the chairman and CEO of Legacy Measurement Solutions, Inc. Bruce Koch is also copied on the April 5, 2019 correspondence to Derrick Foshee. Mr. Koch lives in Spring, Texas. Accordingly, all of the business decisions giving rise to Defendants' closure and or termination at the East Texas and Ohio plant locations and resulting WARN Act violations originated in Houston, Texas, Spring/The Woodlands, Texas or New York, New York.

A.    **Texas**

27.    Florence and Foshee primarily worked for Defendants as full-time employees in and around East Texas. Defendants offered engineered measurement, production and process equipment to the oil and gas industry from wellhead through midstream and transmission. Defendants' products include engineered ultrasonic and orifice measurement stations, custom and standard meter tubes, LACT units, gas production units, pressure control skids and ASME code vessels. Headquartered in Addison, Texas, the Defendants have two manufacturing plants and serve customers in all major oil and gas basins in the U.S.

28.    Although Florence and Foshee worked at the plant in East Texas, employees, vehicles, products and equipment used in connection with Defendants' operations were used in all parts of the Eastern District of Texas, Ohio, Oklahoma, Pennsylvania, Midland, Texas, Spring, Texas, Victoria, Texas and Wyoming.

29.    Florence and Foshee worked with numerous other employees of Defendants working at/from/through the East Texas site of employment. Those employees worked on Defendants' products distributed to customers in various parts of Texas and the United States, including East Texas. Like Florence and Foshee, those workers were subject to Defendants' Mass Layoff and/or Plant Closing made the subject matter of this lawsuit at the East Texas site of employment. All such employees are a part of the Texas Class.

30.    Beginning on or about March 27, 2019, Defendants began terminating employees at the East Texas site of employment.

31.     On March 28, 2019, Florence was informed via e-mail and verbally by Defendants that his employment was being terminated.

32.     On or about March 29, 2019, Foshee was informed via letter by Defendants that his employment was being terminated.

33.     Around the time of their written and verbal terminations, Florence and Foshee learned that numerous other similarly situated employees were terminated, before, on and after the dates of their terminations who worked at/from/through Defendants' East Texas site of employment.

34.     The exact number of terminated employees at the East Texas site of employment within a 30 day and 90-day period of Florence's and Foshee's termination of employment is information that is only known to Defendants. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendants.

35.     On information and belief, over 50 other similarly situated employees working at/from/through Defendant's East Texas site of employment, totaling at least 1/3 of the full-time employees employed 6 or more months prior to March 27, 2019 were terminated within 30 days of Florence's  termination.

36.     On information and belief, over 50 other similarly situated employees working at/from/through Defendants' East Texas site of employment, totaling at least 1/3 of the full-time employees employed 6 or more months prior to March 27, 2019 were terminated within 90 days of Florence's and Foshee's termination. On information and belief, all employment terminations during this 90 day look ahead and look behind time

period are not the result of separate and distinct actions and are instead related to Defendants' ongoing and foreseeable reduction in Defendants' gas and energy operations.

37.    Pleading in the alternative, and on information and belief, there was a Plant Closing of the East Texas site of employment within 30 days and/or 90 days of Florence's and Foshee's termination in that over 100 employees were terminated/suffered an employment loss in that time period. That employment action of Defendants resulted in an effective cessation of the gas and energy services performed at the East Texas site of employment.

38.    Florence, Foshee and the Class Members were not provided with 60 days' advance written notice by Defendant of their termination of employment, Mass Layoff and/or Plant Closing.

39.    Florence, Foshee and the Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

40.    Florence, Foshee and the Class Members were not provided with timely required written notice of each and every of the following items in connection with their termination of employment: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

### B.   Ohio

41.     Kitchens primarily worked for Defendants as a full-time employee at/through/from Defendants' Brookfield, Ohio single site of employment at 6882 Parkway Drive, Brookfield Township, OH 44403.

42.     Although Kitchens worked on products of Defendants' distributed throughout the United States, those operations of Defendants were conducted at/from/through Defendant's Brookfield, Ohio site of employment at  6882 Parkway Drive, Brookfield Township, OH 44403.

43.     Kitchens worked with numerous other employees of Defendants working at/from/through the Brookfield, Ohio site of employment. Those employees worked on products distributed to Defendants' customers in various parts of the United States, including East Texas. Like Kitchens, those workers were subject to Defendants' Mass Layoff and/or Plant Closing made the subject matter of this lawsuit at the Brookfield, Ohio site of employment. All such employees are a part of the Ohio Class.

44.     Beginning on February 28, 2019, Defendants began terminating employees at the Brookfield, Ohio site of employment.

45.     On February 28, 2019, Kitchens was informed verbally by Defendants that his employment was being terminated.

46.     Around the time of his verbal termination, Kitchens learned that numerous other similarly situated employees were terminated, before, on and after the dates of their terminations who worked at/from/through Defendant's Brookfield, Ohio site of employment.

47.     The exact number of terminated employees at the Brookfield, Ohio site of employment within a 30 day and 90-day period of Kitchen's termination of employment is information that is only known to Defendants. Similarly, the exact number of employees employed at/from/through that site of employment is information that is currently known only to Defendants.

48.     On information and belief, over 100 other similarly situated employees working at/from/through Defendants' Brookfield, Ohio site of employment, totaling at least 1/3 of the full-time employees employed 6 or more months prior to February 28, 2019 were terminated within 30 days of Kitchens' termination.

49.     On information and belief, over 100 other similarly situated employees working at/from/through Defendants' Brookfield, Ohio site of employment, totaling at least 1/3 of the full-time employees employed 6 or more months prior to February 28, 2019 were terminated within 90 days of Kitchens' termination. On information and belief, all employment terminations during this 90 day look ahead and look behind time period are not the result of separate and distinct actions and are instead related to Defendants' ongoing and foreseeable reduction in Defendants' gas and energy operations.

50.     Pleading in the alternative, and on information and belief, there was a Plant Closing of the Brookfield, Ohio site of employment within 30 days and/or 90 days of Kitchens' termination in that over 100 employees were terminated/suffered an employment loss in that time period. That employment action of Defendants resulted in an effective cessation of the gas and energy services performed at the Brookfield, Ohio site of employment.

51.     Kitchens and the Class Members were not provided with 60 days' advance written notice by Defendant of their termination of employment, Mass Layoff and/or Plant Closing.

52.     Kitchens and the Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

53.     Kitchens and the Class Members were not provided with timely required written notice of each and every of the following items in connection with their termination of employment: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

## IV.   <u>WARN ACT CLAIMS</u>

54.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

55.     At all material times, Plaintiffs and the Class Members were "full-time employees" of Defendants as that term is used in the Warn Act.

56.     At all material times, Defendants were Plaintiffs' employer under the WARN Act. 29 C.F.R. § 639.3(a). At material times, Defendants employed 100 or more employees, excluding part-time employees.

57.     Defendants' East Texas district office constitutes/constituted a single site of employment for Florence, Foshee and the Texas Class Members. 29 C.F.R. § 639.3(i).

58.     Defendants' Brookfield, Ohio district office constitutes/constituted a single site of employment for Kitchens and the Ohio Class Members. 29 C.F.R. § 639.3(i).

59.     Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

60.     Each Texas Class Member is similarly situated to Florence and Foshee with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

61.     Each Ohio Class Member is similarly situated to Kitchens with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

### A.     <u>Texas Mass Layoff</u>

62.     On information and belief, during a 30-day period from March 27, 2019, Defendants ordered/executed a "Mass Layoff" at the East Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

63.     In the alternative, and on information and belief, during a 90-day period from March 27, 2019, Defendants ordered/executed a "Mass Layoff" at the East Texas single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(ii).

64.     Florence, Foshee and the Texas Class Members suffered an employment loss in connection with Defendants' "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f). Namely, the employment of Florence, Foshee and the Texas Class

Members with Defendants was terminated. Said termination was not discharge for cause, voluntary departure, or retirement.

65.     Florence, Foshee and the Texas Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Florence, Foshee and the Texas Class Members were employees of Defendants who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' East Texas Mass Layoff made the subject matter of this lawsuit.

**B.      East Texas Plant Closing**

66.     Pleading in the alternative, Florence, Foshee and the Texas Class Members suffered an employment loss in connection with Defendants' East Texas "Plant Closing" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(b) & (f).

67.     The East Texas site of employment was shut down within the 30 day and/or 90-day period from March 27, 2019.

68.     Florence, Foshee and the Texas Class Members Class Members suffered an employment loss in connection with Defendant's Marshall, Texas "Plant Closing" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f). Namely, the employment of Florence, Foshee and the Texas Class Members with Defendants was terminated. Said termination was not discharge for cause, voluntary departure, or retirement.

69.     Florence, Foshee and the Texas Class Members are aggrieved and affected employees under the WARN Act in connection with Defendants' East Texas Plant Closing.

29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Florence, Foshee and the Texas Class Members were employees of Defendants who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' East Texas Plant Closing made the subject matter of this lawsuit.

C.    **No Written Notice of East Texas Mass Layoff and/or Plant Closing**

70.    Florence, Foshee and the Texas Class Members were not provided with 60 calendar days' advance written notice by Defendants of their planned/upcoming termination of employment, Mass Layoff and/or Plant Closing.

71.    Florence, Foshee and the Texas Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

72.    Florence, Foshee and the Texas Class Members were not provided with any written notice by Defendant at the time of their termination of employment, Mass Layoff and/or Plant Closing.

73.    Florence, Foshee and the Texas Class Members were not provided with timely required written notice of each and every of the following items in connection with their termination of employment, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be

separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

74.    On information and belief, Defendants did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Marshall, Texas Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

### D.    Ohio Mass Layoff

75.    On information and belief, during a 30-day period from February 28, 2019, Defendants ordered/executed a "Mass Layoff" at the Brookfield, Ohio single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(i).

76.    In the alternative, and on information and belief, during a 90-day period from February 28, 2019, Defendants ordered/executed a "Mass Layoff" at the Brookfield, Ohio single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(ii).

77.    Kitchens and the Ohio Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f). Namely, the employment Kitchens and the Ohio Class Members with Defendants was terminated. Said termination was not discharge for cause, voluntary departure, or retirement.

78.    Kitchens and the Ohio Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Kitchens and the Ohio Class Members were employees of Defendants

who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' Brookfield, Ohio Mass Layoff made the subject matter of this lawsuit.

**E.    <u>Ohio Plant Closing</u>**

79.    Pleading in the alternative, Kitchens and the Ohio Class Members suffered an employment loss in connection with Defendants' Brookfield, Ohio "Plant Closing" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(b) & (f).

80.    The Brookfield, Ohio site of employment was shut down within the 30 day and/or 90-day period from February 28, 2019.

81.    Kitchens and the Ohio Class Members suffered an employment loss in connection with Defendants' Brookfield, Ohio "Plant Closing" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f). Namely, the employment of Kitchens and the Ohio Class Members with Defendants was terminated. Said termination was not discharge for cause, voluntary departure, or retirement.

82.    Kitchens and the Ohio Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Brookfield, Ohio Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Kitchens and the Ohio Class Members were employees of Defendant who did not received the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by Defendants to experience an employment loss as a result of Defendants' Brookfield, Ohio Plant Closing made the subject matter of this lawsuit.

**F.**     <u>No Written Notice of Brookfield, Ohio Mass Layoff and/or Plant Closing</u>

83.    Kitchens and the Ohio Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming termination of employment, Mass Layoff and/or Plant Closing.

84.    Kitchens and the Ohio Class Members were not provided with any written notice by Defendant prior to their termination of employment, Mass Layoff and/or Plant Closing.

85.    Kitchens and the Ohio Class Members were not provided with any written notice by Defendants at the time of their termination of employment, Mass Layoff and/or Plant Closing.

86.    Kitchens and the Ohio Class Members were not provided with timely required written notice of each and every of the following items in connection with their termination of employment, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

88.    On information and belief, Defendant did not notify the Ohio agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R.§ 639.7(e) in connection with the Brookfield, Ohio Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

G.    <u>**Damages**</u>

87.    As a result of Defendants' violations of the WARN Act, Florence, Foshee and the Texas Class Members have suffered damages. Florence, Foshee and the Texas Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

90.    As a result of Defendant's violations of the WARN Act, Kitchens and the Ohio Class Members have suffered damages. Kitchens and the Ohio Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## V.    <u>CLASS ACTION ALLEGATIONS</u>

91.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

92.    Plaintiffs brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

A.    <u>**Texas Class Members**</u>

93.    Florence and Foshee bring this action on behalf of themselves and all other similarly situated employees. Florence and Foshee seek to represent a Class initially defined as: "All of Defendants' employees working at/from/through its East Texas office that were terminated from employment during the months of September 28, 2018 to March 29, 2019 without 60 days' advance written notice required by the WARN Act." Alternatively, "all of Defendant's employees working at/from/through its East Texas office

that were terminated from employment during the months of January 27, 2019 to March 29, 2019 without 60 days' advance written notice required by the WARN Act." Florence and Foshee request the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

94.    Florence, Foshee and the Texas Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

95.    The claims of Florence and Foshee satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

96.    On information and belief, the Texas Class Members exceed 59 in number, and joinder is therefore impracticable. The precise number of Texas Class Members and their addresses are readily determinable from Defendants' records.

97.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

a.    Whether the provisions of the WARN Act apply;

b.    Whether Defendant's employee terminations at the East Texas site of employment during the time period of September 28, 2018 to March 29, 2019 constitute a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

c.    Whether Defendant's employee terminations at the East Texas site of employment  during the time period of January 27, 2019 to March 29, 2019 constitute a  "Mass Layoff"  and/or "Plant Closing" under the WARN Act;

d.     Whether Defendants failed to provide the notices required by the WARN Act;

e.     Whether Defendants can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

f.     The appropriate method to calculate damages under the WARN Act.

98.     The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

99.     A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

100.     Florence and Foshee are affected employees who were terminated by Defendant during the time periods of September 28, 2018 to March 29, 2019 and January 27, 2019 to March 29, 2019 without the written notice required by the WARN Act. They are therefore members of the class. Florence and Foshee are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Florence and Foshee are adequate representatives of the class and have the same interests as all of its members. Further, the claims of Florence and Foshee are typical of the claims of all members of the class, and

Florence and Foshee will fairly and adequately protect the interests of the absent members of the class. Florence, Foshee and their counsel do not have claims or interests that are adverse to the Texas Class Members.

101.    Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

### B.    Ohio Class Members

102.    Kitchens brings this action on behalf of himself and all other similarly situated employees. Kitchens seeks to represent a Class initially defined as: "All of Defendants' employees working at/from/through its Brookfield Township, Ohio office that were terminated from employment during the months of August 28, 2018 to February 28, 2019 without 60 days' advance written notice required by the WARN Act." Alternatively, "all of Defendants' employees working at/from/through its Brookfield Township, Ohio office that were terminated from employment during the months of December 27, 2018 to February 28, 2019 without 60 days' advance written notice required by the WARN Act." Kitchens requests the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

103.    Kitchens and the Ohio Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

104.    The claims of Kitchens satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

105.    On information and belief, the Ohio Class Members exceed 100 in number, and joinder is therefore impracticable. The precise number of Ohio Class Members and their addresses are readily determinable from Defendants' records.

106.    There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendants' actions/omissions include, but are not limited to, the following:

a.    Whether the provisions of the WARN Act apply;

b.    Whether Defendants' employee terminations at the Brookfield Township, Ohio site of employment during the time period of August 28, 2018 to February 28, 2019 constitute a "Mass Layoff" and/or "Plant Closing" under the WARN Act;

c.    Whether Defendants' employee terminations at the Brookfield Township, Ohio site of employment during the time period of December 27, 2018 to February 28, 2019 constitute a  "Mass Layoff"  and/or "Plant Closing" under the WARN Act;

d.    Whether Defendants failed to provide the notices required by the WARN Act;

e.    Whether Defendants can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

f.    The appropriate method to calculate damages under the WARN Act.

107.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of

consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

108.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

109.    Kitchens is an affected employee who was terminated by Defendants during the time periods of August 28, 2018 to February 28, 2019 and December 27, 2918 to February 28, 2019 without the written notice required by the WARN Act. He is therefore a member of the class. Kitchens is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Kitchens is an adequate representative of the class and has the same interests as all of its members. Further, the claims of Kitchens is typical of the claims of all members of the class, and Kitchens will fairly and adequately protect the interests of the absent members of the class. Kitchens and his counsel do not have claims or interests that are adverse to the Ohio Class Members.

110.    Further, class action treatment of this lawsuit is authorized and appropriate under the WARN Act 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## V.    **JURY DEMAND**

111.    Plaintiffs specifically request a trial by jury of the matters herein.

## VI.        **DAMAGES AND PRAYER**

112.    Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Texas and Ohio Class Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a.    An order certifying that the action(s) may be maintained as a class action/class actions under Federal Rule of Civil Procedure 23;

b.    Designation of Jeffrey T. Embry, Hossley and Embry LLP, as the representatives of the Texas Class and Ohio Class, and as Class Counsel for each;

c.    All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

d.    Pre-judgment and post-judgment interest;

e.    Costs;

f.    Reasonable attorney's/attorneys' fees; and

g.    All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,

**HOSSLEY & EMBRY, LLP**

By: */s/ Jeffrey T. Embry*
    Jeffrey T. Embry
    State Bar No. 24002052
    jeff@hossleyembry.com
    Christopher P. Peirce
    State Bar. No. 24046604
    cpeirce@hossleyembry.com
    515 S. Vine Ave.
    Tyler, Texas 75702
    (903) 526-1772
    (903) 526-1773 (fax)
    **ATTORNEYS FOR PLAINTIFFS**