IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DARRELL FLORENCE, DERRICK FOSHEE, RANDALL WILLIS, DARRYL SPEER, COREY GRAY, CODY WHITTEN, DARIEN MORSE, DON ZUCCA, MARK WORSHAM, ANGELA HUTCHINSON, RICHARD SCHMIDT, RICHARD DOMINQUEZ, CHRISTOPHER JAEGAR, ARMANDO SANCHEZ, JOSHUA REBER, ADRIAN BOWIE, ROLLIN SHAW, ANTONIO LLANO, JESSICA CASTOR, JESSICA KUESTER, JAMES WILLIS, <br><br>  *Plaintiffs*, <br><br> v. <br><br> LEGACY MEASUREMENT SOLUTIONS, INC., LEGACY MEASUREMENT HOLDINGS LLC, A FOREIGN LIMITED LIABILITY COMPANY; WDE JWM AGGREGATE, LLC, A FOREIGN LIMITED LIABLILITY COMPANY; EDELMAN & GUILL ENERGY L.P., II, A FOREIGN LIMITED PARTNERSHIP; WHITE DEER ENERGY, L.P., II, A FOREIGN LIMITED PARTNERSHIP; AND WHITE DEER ENERGY, L.P. III, A FOREIGN LIMITED PARTNERSHIP; <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:19-CV-00129-JRG |

## MEMORANDUM, OPINION AND ORDER

Before the Court is Plaintiffs Darrell Florence, Derrick Foshee, *et al.*'s (collectively, the "Plaintiffs") Motion to Compel (the "Motion to Compel"). (Dkt. No. 40.) Having considered the Motion to Compel and for the reasons set forth herein, the Court is of the opinion that the Motion to Compel should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.      **BACKGROUND**

This case arises under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101–2109 (the "WARN Act"). (*Id.* at 1.) The Plaintiffs in this case allege that Legacy Measurement Solutions, Inc. ("LMS") failed to give the required WARN Act notice to the Plaintiffs before shuttering two of its plants. (*Id.* at 1.) LMS is currently undergoing Chapter 7 bankruptcy proceedings in the Southern District of Texas. *In re Legacy Measurement Solutions, Inc.*, No. 19-32238 (Bankr. S.D. Tex. 2019). Given LMS's current financial situation, the Plaintiffs are attempting to recover from the Defendants[1] on the grounds that the Defendants are considered an "employer" under the WARN Act.[2] (Dkt. No. 40 at 2.) Given the posture of this case, the Court and the Parties agreed that the case should proceed in a staggered fashion—first, determining what defendants may be "employers" under the WARN Act, and second, addressing the merits of the case. (Dkt. No. 38.)

The current Motion to Compel relates to discovery addressing the first stage of this case. Plaintiffs are requesting this Court to compel the production of five categories of documents: (1) LMS's own documents, (2) documents related to "business activity" by and between LMS and Defendants from 2015–2019, (3) documents references by other documents but not produced, (4) emails and correspondence relating to LMS and pled defenses, and (5) property, tax, and bank records of Defendants.

---

[1] "Defendants" in this Order refers collectively to Legacy Measurement Holdings, LLC ("LMH"), WDE JWM Aggregate, LLC ("WDE"), Edelman & Guill Energy L.P., II ("Edelman & Guill"), White Deer Energy, L.P. II ("WDII") and White Deer Energy, L.P. III ("WDIII").

[2] Under the WARN Act, the test for whether a parent or affiliated corporation can be considered an "employer" looks at a variety of factors such as: "(i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." 20 C.F.R. § 639.3(a)(2).

## II. ANALYSIS

### A. LMS's Own Documents.

Turning first to Plaintiffs' request for LMS's own documents, Plaintiffs argue that the Defendants have failed to produce LMS's own documents despite being obligated to do so. (Dkt. No. 40.) Plaintiffs argue that LMS's corporate parent LMH and WDII (who owns 100% of the stock of LMS) have control over LMS, and as such, should have access to all of LMS's documents. (*Id*. at 4.) Plaintiff continues that given this "control," LMH and WDII are obligated to produce LMS's documents under Fed. R. Civ. P. 34. (*Id*. at 5.) Defendants respond that they do not have access to the documents because LMS is undergoing bankruptcy proceedings. (Dkt. No. 43 at 2.) Defendants argue that as a result of the bankruptcy proceedings any control that LMH or WDII could have had over LMS's documents has been lost and given over to the bankruptcy estate and trustee. (*Id*. (citing 11 U.S.C. § 542(a) (requiring an entity to deliver to the trustee, property in the entity's possession, custody, and control upon filing of the bankruptcy petition)).)

Considering the facts of this case and the law on the matter, the Court agrees with the Defendants. Given LMS's status as undergoing Chapter 7 bankruptcy, all of LMS's property including documents are under the exclusive control of the bankruptcy trustee. *See* 11 U.S.C. § 542(a) (requiring the debtor to turn over all property within the debtor's possession, custody, and control to the bankruptcy trustee upon the filing of the bankruptcy petition); *Keller v. Blinder, Robinson & Co., Inc.*, 140 B.R. 790, 794 (D. Colo. 1992) ("Property of the estate includes books and records produced during a corporation's existence. *See* 11 U.S.C. § 521(4) (requiring the debtor to turn over to the trustee 'any recorded information, including books, documents, records, and papers, relating to the property of the estate')."). As such, the Court agrees that the Defendants cannot produce that which is not under their control. Thus, this portion of the Motion to Compel

is **DENIED**. The Plaintiffs should undertake to acquire these records from the bankruptcy trustee for LMS. Should the bankruptcy trustee for LMS be nonresponsive or refuse to produce the requested records, then the Plaintiffs can file a motion to compel in the bankruptcy proceeding.

**B. Documents Related to "Business Activity" by and between LMS and Defendants from 2015–2019.**

Turning next to Plaintiffs' request for documents related to "Business Activity," Plaintiffs argue that they are seeking to discover documents relating to "business activities <u>between</u> defendants and LMS" as these documents help determine whether the Defendants are considered "employers" under the WARN Act. (Dkt. No. 40 at 6 (citing "RFP 9").) Defendants respond that the request is overly broad and that without a definition for "business activity" they cannot determine if responsive documents exist. (Dkt. No. 43.)

While Plaintiffs cite "RFP 9," the Plaintiffs did not attach the actual Requests for Production that were served in this case—which the Court assumes "RFP" references. (Dkt. No. 40 at 6.) Luckily, however, the Defendants did attach the actual Requests for Production. (Dkt. No. 43-1.) Request for Production 9 reads "[a]ll documents relating to or concerning any business activity conducted <u>by **and** between</u> YOU or YOUR subsidiaries and LMS between 2015 and 2019." (*Id*. at 2 (emphasis added).) The wording of this request, thus, not only requests documents of business activity between the Defendants and LMS, but it also requests documents of the business activity "by" Defendants with no nexus to LMS. As such, it is overly broad.

That said, however, the Plaintiffs represent that Defendants have failed to produce any documents responsive to this request. As such, this portion of the Motion to Compel is **GRANTED-AS-MODIFIED** but only with respect to documents, if any, that have a nexus, either indirectly or directly, to LMS. Where no such nexus exists, this request is **DENIED**.

4

### C. Documents references by other documents but not produced.

Plaintiffs next request that this Court compel the Defendants to produce documents referred to in other documents that have been produced, such as several "Investment Committee Memorandums of investments of Defendants into LMS." (Dkt. No. 40 at 6.) Defendants respond that the "Investment Committee Memoranda" were not requested in the Plaintiffs' Request for Production and that the Defendants' counsel are in the process of reviewing the memoranda to determine their responsiveness and relevancy to the current case. (Dkt. No. 43 at 4.) While the Investment Committee Memoranda may not have been in the Plaintiffs' Requests for Production, Plaintiffs did request them in a letter dated November 18, 2019. (*Id.*) Without more from the Defendants as to why these documents should not be produced, the Court believes that these documents should be produced regardless of whether they fall under a specific category from the Requests for Production. *See* L.R. CV-26(d). As such, this portion of the Motion to Compel is **GRANTED** as it relates to the "Investment Committee Memorandums of investments of Defendants into LMS, [and] the associated due diligence documents relating thereto."[3]

### D. Emails and Correspondence Relating to LMS and Pled Defenses.

Next, Plaintiffs request that this Court compel the Defendants to produce "various emails discussing the financial issues of LMS and plead [sic] defenses of the Defendants." (Dkt. No. 40 at 6.) The Defendants respond that they are in the process of reviewing and determining whether any responsive communications exist in the email inboxes requested. (Dkt. No. 43 at 5.) Further, Defendants represent that they had previously informed the Plaintiff that they would supplement this discovery the week of December 16, 2019. (*Id.*) In light of this representation, the Court finds

---

[3] The Court does note that Defendants represent that they will produce "the Note Purchase Agreement and Notice of Demand the week of December 16, 2019." (Dkt. No. 43 at 5.) As such, the Court does not include those two items in this Order but relies on the Defendants' representation.

that this portion of the Motion to Compel has been brought prematurely. As such, this portion of the Motion to Compel is **DENIED WITHOUT PREJUDICE**, pending such supplementation.

### E. Property, Tax, and Bank Records of Defendants.

Finally, Plaintiffs request that this Court compel the Defendants to produce "documents relating to LMS' property involved in the LMS bankruptcy that Defendants in this suit had an interest or ownership in." (Dkt. No. 40 at 7.) Plaintiffs seek this discovery in the form of property, tax, and bank records from the Defendants. (*Id*.) Defendants respond that this request is overly broad as the actual wording in the Requests for Production asks for "monthly bank statements for each bank account maintained by each Defendant for nearly two and a half years." (Dkt. No. 43 at 3.)

In reviewing such Requests for Production, the Court finds again that the Plaintiffs are asking for too much, while the Defendants have failed to produce any responsive documents. As before, this portion of the Motion to Compel is **GRANTED** but only with respect to documents, if any, that have a nexus, either indirectly or directly, to LMS.

## III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Motion to Compel as to LMS's own documents. Further, the Court **GRANTS-AS-MODIFIED** the Motion to Compel as to the documents related to business activities between LMS and Defendants from 2015–2019, but only with respect to documents, if any, that have a nexus, either indirectly or directly, to LMS. In addition, the Court **GRANTS** the Motion to Compel as it relates to the "Investment Committee Memorandums of investments of Defendants into LMS, [and] the associated due diligence documents relating thereto." The Court **DENIES WITHOUT PREJUDICE** as premature the portion of the Motion to Compel as to the emails and correspondence relating to LMS and plead

defenses of the Defendants. Finally, the Court **GRANTS-AS-MODIFIED** the portion of the Motion to Compel as to the property, tax, and bank records of the Defendants, but only with respect to documents, if any, that have a nexus, either indirectly or directly, to LMS.

It is therefore **ORDERED** that the Defendants produce the documents specified herein on or before **January 6, 2020**.

**So ORDERED and SIGNED this 19th day of December, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE