# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DARRELL FLORENCE, DERRICK FOSHEE, *et al.*, § § § *Plaintiffs*, § § v. § § LEGACY MEASUREMENT SOLUTIONS, INC., *et al.*, § § § *Defendants*. § | CIVIL ACTION NO. 2:19-CV-00129-JRG |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement, Attorneys' Fee and Expense Award, and Class Representative Incentive Awards (the "Motion"). (Dkt. No. 58). In accordance with the Court's Order granting preliminary approval of the class settlement (the "Preliminary Approval Order") (Dkt. No. 57), Class Members have been given notice of the terms of the Settlement Agreement, including its provision for attorneys' fees and costs, and have had an opportunity object to it, comment on it, participate in it, and/or exclude themselves from it. Having considered the proposed Settlement Agreement, the award of attorneys' fees and expenses, the incentive awards, and the argument at the final approval hearing held on August 26, 2020, the Court, pursuant to Federal Rule of Civil Procedure 23, hereby **GRANTS** the Motion and finally **APPROVES** the Class Action Settlement Agreement contemplated therein.

I.   **FACTUAL BACKGROUND**

On April 19, 2019, Plaintiffs filed the Original Complaint against Legacy Measurement Solutions, Inc. ("LMS"), Legacy Measurement Holdings, LLC ("LMH"), WDE JWM Aggregate,

LLC ("WDE"), Edelman and Guill Energy, L.P., II, and White Deer Energy, L.P., II (collectively, "Defendants") (together with Plaintiffs, the "Parties") seeking damages under the WARN Act on a class action basis for failure to give advanced 60 days written notice of qualified Mass Layoffs or Plant Closures at worksites in Tyler, Texas and Brookfield, Ohio. (Dkt. No. 1). Plaintiffs voluntarily dismissed LMS—Plaintiffs' undisputed employer—from the lawsuit on June 4, 2019 after LMS filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiffs filed their First Amended Complaint on June 7, 2019 and added White Deer Energy, L.P. III as a named defendant. Defendants filed their respective answers on June 21, 2019 (Dkt. Nos. 15, 17, 19, 21, 23).

Following the filing of Plaintiffs' First Amended Complaint, the Parties agreed to bifurcate this matter to first determine whether any of the named Defendants could be considered an "employer" as defined under the WARN Act (the "Employer Issue"). After addressing the Employer Issue, the lawsuit would proceed to discovery and motion practice on the issue of liability under the WARN Act and certification of a class action under Federal Rule of Civil Procedure 23. The Parties conducted written discovery and depositions related to the Employer Issue, after which Defendants moved for summary judgment. The Plaintiffs filed a twenty-five-page response to the motion for summary judgment, exclusive of exhibits. Further, during the course of the litigation, the Plaintiffs appeared for Court-ordered conferences and hearings in this case and attended bankruptcy hearings in the Southern District of Texas relating to the bankrupt entity Legacy Measurement Solutions, Inc., which employed the Plaintiffs. Plaintiffs propounded and responded to written discovery, filed a motion to compel production of documents, and took depositions of the corporate representatives and fact witnesses of Defendants. Following the

briefing of the Employer Issue on summary judgment, the Parties attended a full-day mediation on April 9, 2020.

After the mediation, the Parties continued multiple back-and-forth exchanges of various proposals conducted at arm's length with the mediator's assistance. The Parties continued settlement discussions until April 17, 2020, when the Parties reached an agreement in principle outlining the benefits of the settlement to Class Members and attorney's fees for Class Counsel. The Parties later memorialized their agreement in the Settlement Agreement.

The Parties filed a Joint Motion for Preliminary Approval of Settlement Agreement, Certifying Class for Purpose of Settlement, Directing Notice to the Class, and Scheduling Final Approval Hearing (Dkt. No. 55), which the Court granted (Dkt. No, 57). Plaintiffs now move for final approval of the Settlement Agreement and have submitted documents in support thereof. No opposition was filed to Plaintiffs' Motion, and no Class Member has objected to the Settlement. The Court held a hearing on the Motion (the "Final Approval Hearing" or "Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e)(2), and now approves the Settlement Agreement as fair, reasonable, and adequate, as stated in the findings below.

## II. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having fully considered the Motion, the briefs in support, all exhibits attached thereto, the Settlement Agreement itself, and oral argument presented at the Fairness Hearing, the Court enters the following findings:

1. The Court has jurisdiction over the subject matter of this action, including the claims asserted, the Plaintiffs, the Class Members, and the Defendant pursuant to 28 U.S.C. § 1331.

2. The Settlement Notice, as authorized by the Court's Preliminary Approval Order of June 12, 2020, adequately informed Class Members of, among other things, the terms of the Settlement Agreement and their right to object to the Settlement Agreement or exclude themselves from the Settlement Agreement and to pursue their own remedies, as well as their opportunity to appear and be heard at the Final Approval Hearing. The Court hereby finds that the Settlement Notice provided satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1)(B).

3. The Court hereby **APPROVES** the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate with respect to Defendants, Plaintiffs, and Class Members. The Court finds that sufficient investigation, research and litigation have been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of good faith and arms'-length negotiations.

4. Terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

### III.   ATTORNEYS' FEES, AND EXPENSES

Class Counsel has moved for an award of attorneys' fees and expenses, notice of which was given to all Class Members pursuant to the Court's Preliminary Approval Order of June 12, 2020. The Court heard argument regarding Class Counsel's request for fees, costs and expenses at the hearing held on August 26, 2020. Class Members received notice of the setting of the Final Approval Hearing. Having considered the Motion for fees, expenses, costs, and Class Representative incentive awards, and the Court finds as follows:

1.  Based upon all papers filed with the Court, oral argument at the Fairness Hearing, the Court's observation and assessment of the performance of Class Counsel throughout this litigation, the resulting settlement recovery, and other good cause shown, the Court finds that payment of attorneys' fees in the amount of $137,805.43 and expenses in the amount of $12,194.57 (total of $150,000) (approximately 29% of the Gross Settlement Value), for all past and remaining work until completion of the matter, in accordance with the terms of the Settlement Agreement, is fair and reasonable under the circumstances.

2.  The Court observes that the amount of the attorneys' fee award is less than the 40% contemplated by the fee agreement signed by the named Plaintiffs in this case. In light of the result obtained for the Class Members, the contingent nature of the litigation, the experience and skill of Class Counsel, and the preclusion of other employment necessitated by the hours Class Counsel devoted to this litigation, this Court finds that an award of $150,000.00 is fair and reasonable.

## IV.  CLASS REPRESENTATIVE INCENTIVE AWARDS

The Parties have also moved for the Court to approve Class Representative incentive awards to the named Plaintiffs and Class Representatives, Darrell Florence and Derrick Foshee. The Court observes that Darrell Florence and Derrick Foshee sought out legal counsel and took the initiative to pursue their legal rights against Defendants. These Class Representatives fully participated with Class Counsel in the handling of this litigation. The Class Representatives' involvement included participation in various conferences concerning the facts and legal issues involved in the case, including mediation resulting in settlement. In addition, the Class Representatives provided various documents and helpful information to Class Counsel to aid the prosecution of the case on behalf of all class members. Therefore, having considered the Motion

and the oral arguments at the Fairness Hearing, the Court finds that an incentive award of $5000.00 each to Darrell Florence and Derrick Foshee is fair and reasonable under the circumstances.

V.     **CONCLUSION**

For the foregoing reasons, the Court is of the opinion that the Motion should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that the Settlement Agreement is **APPROVED**. The Court hereby enters **FINAL JUDGMENT** on and **DISMISSES** the above-captioned matter, on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement. The Court retains jurisdiction over the above-captioned matter and the Parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

**So ORDERED and SIGNED this 26th day of August, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE